By the Court:

For the plaintiff, it is contended in this case, that having instituted this suit for the breaches alleged and set forth of the condition of the administration bond, and the same being pending and at issue in this Court at the time of the removal of the administrator from the administration of the estate, and the fact of these breaches not being denied by the pleadings in the case, it is no defence to her right to recover on them, to allege that removal and the appointment of an administrator de bonis non in his place, and that she is consequently still entitled *448 to maintain the suit against the first administrator and his surety, notwithstanding his removal, and to recover whatever damages she may have sustained by reason of these breaches ; whilst the defendants on the other hand insist, .that by one of the conditions of the bond, the goods and chattels, rights and credits, moneys, books and papers unadministered, were, upon his removal, to be delivered to the receiver appointed by the .Orphans’ Court, and after-wards to the administrator de bonis non on his appointment by the Register, and therefore it is not competent for the State, for the use of the heirs and distributees of the residue of the personal estáte, to continue and maintain the action now, but that the same has abated by the removal of the administrator against whom it was instituted.
As to the breach alleged in the narr, that the administrator, Bloxom, had not paid over to the party for whose use this suit is brought, her share of the residue of the personal estate of the deceased, we consider the pleas in question a good defence, according to the principle ruled in the case of Burton’s Administrator v. Tunnell et al., 5 Harr. 182, whatever opinion we might have to the contrary, if it were a new question, so far at least as the precise point ruled in that case is concerned. But the question presented ' here did not arise in that case. That was a suit by a succeeding against a removed administrator and his sureties on his bond, to recover a residue remaining in his hands at the time of his removal, for distribution among the heirs-at-law, the debts agáinst the estate having been settled. But here the action is by an heir-at-law against the removed administrator and surety, for not filing an inventory and rendering an account of his administration within the time appointed in the condition of his bond, and fixed by law. These are breaches for which the succeeding administrator could maintain no action on the bond, because there is no stipulation or provision in the condition of the bond to give him that right, and he is not affected by them, since he is in no manner liable for these breaches himself, as they are no omissions of his. It appears from *449 the record that administration on the estate was committed to Bloxoin, August 20th, 1853, and that he was removed on the 4th of March, 1857. It was his duly to have filed-his inventory in six months, and passed his account in one year after his appointment. But this, it is alleged in the breaches in question, he failed to do, and the allegation is not denied, but is in effect confessed in the pleas demurred to, which seek to avoid the breaches by a special plea, which is no defence to them, for the reasons which we have before stated. This is not a suit against Bloxom as administrator, and never was, but is against him and his surety individually and personally. Therefore, there is no reason for saying that it has abated by his removal from the administration, and the appointment of another to succeed him in the office. Judgment must be rendered for the plaintiff on the demurrer; but as no special damage is shown by reason of the breaches complained of, it can only be for the nominal sum, besides her costs of suit.
C. S. Layton, for the plaintiff.
W. Saulsbury, for the defendants.